STEPHEN DENNET & *ux. versus* NEAL DOW.

Where a will approved by the Judge of Probate, was reversed upon appeal in this Court, the appellant is not entitled to costs by virtue of st. 1821, c. 51, § 64.

Costs were refused the appellee as a matter of judicial discretion, under the circumstances of the case.

THIS was an appeal from the decree of the Judge of Probate approving the will of Stephen Neal. The decree was reversed in this Court, and both parties moved for costs.

*Fessenden & Deblois & W. P. Fessenden,* for the appellant.

*Preble,* for the appellee.

*Per Curiam.* Costs are claimed in this case by both parties. The appellants claim cost by virtue of St. 1821, c. 51, § 64, by which in case of a failure to prosecute the appeal taken from the Judge of Probate, the Supreme Court are authorized to assess reasonable costs against the party so failing — and they infer that if he succeeds, he is entitled as a matter of right to have costs taxed in his favor. But we think this was not the intention of the legislature. The claim for costs is not to be extended by construction. In the one case, the statute makes positive provisions. In relation to the other, it is silent. The appellants as a matter of right are not entitled to costs.

Costs not being allowable to the appellant as a matter of right, still less are they allowable by virtue of sec. 67, of the same statute. The defendants were trustees under the will.

The appellant was by law bound to file the will, whether he accepted the trust or not, — it was approved by the Judge of Probate — and an appeal entered. It was the duty of the appellant to attend to the prosecution of defence in that case. He was bound to resist the appeal. He was then acting in the discharge of his official duty. The approval of the Judge of Probate was a sufficient justification for his endeavors to sustain the will. In our opinion he ought not to be held to pay costs.

Perhaps upon a fair construction of the statute, costs might be allowed to the appellee. But the jury have found the will to be the will of a person of non sane memory. They have sustained the appellant in his appeal. In the exercise of the discretion allowed us, we think the appellee is not to be allowed costs.

*No costs allowed to either party.*